IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:04CV01387 |
| **PREMPRO PRODUCTS LIABILITY LITIGATION** | : | |
| | : | |
| | : | |
| **CORINE CHAMBERS, et al.** | : | PLAINTIFFS |
| (Specifically, Plaintiff Mary Teaster) | : | |
| | : | |
| v. | : | |
| | : | |
| **WYETH, et al.** | : | DEFENDANTS |

## ORDER

Pending is Defendants' Joint Motion to Compel Appearances at Depositions and Motion for Protective Order Regarding Case-Specific Written Discovery (Doc. No. 15). Plaintiff has responded (Doc. No. 31).

> A June 28, 2005 Order reads:
>
> The parties agreed that some case specific discovery should be permitted. However, the extent of this discovery is in dispute. In addition to the "full speed ahead" discovery in the proposed bellwether cases, Defendants may take up to two depositions per month in non-bellwether cases.[1]

Based on this order, on October 23, 2006, Defendants' served deposition notices on six plaintiffs, to be taken over the course of three months. Four of those plaintiffs have yet to be deposed and are represented by the LITTLEPAGE BOOTH law firm. The LITTLEPAGE BOOTH Plaintiffs informed Defendants that they had scheduling conflicts and requested alternative deposition dates. On November 1, 2006, Defendants agreed to alternative deposition dates under the condition that the new dates would not "count toward the two-deposition-per-month limit" set out in the June 28, 2005 Order. Plaintiffs objected to this condition.

---

[1] *In re Prempro*, 4:03-CV-01507 (E.D. Ark. filed March 5, 2003), Doc. No. 690.

On November 28, 2006 Plaintiffs served case-specific discovery requests on Defendant Novartis.[2]  Plaintiffs contend that "not allowing plaintiffs some discovery in the few cases that Defendant has selected for deposition would create and un-level playing field that solely benefits the defendants."[3]  I disagree.  In fact, I believe the September 9, 2004 Amendment to Practice and Procedure Order No. 2 addresses Plaintiffs' issue.[4]

It is well-settled that case-specific written discovery -- other than in the bellwether cases -- is stayed in all MDL cases.  Since Plaintiff's discovery requests are contrary to the stay, the requests are QUASHED, and Plaintiffs and counsel are directed to appear at the depositions on the dates agreed to by the parties. Additionally, the agreed-to deposition dates in February and March for the four LITTLEPAGE BOOTH Plaintiffs, will not count against Defendants' two-deposition-per-month limit.  However, Defendants may not notice any other LITTLEPAGE BOOTH Plaintiffs during these two months.

In sum, Defendants' Joint Motion to Compel Appearances at Depositions and Motion for Protective Order Regarding Case-Specific Written Discovery (Doc. No. 22) is GRANTED based on the conditions in this Order.

IT IS SO ORDERED this 12th day of January, 2007.

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[2] Doc. No. 16, Ex. D.

[3] Doc. No. 18.

[4] *See In re Prempro* at Doc. No. 333 ("Potential Deposition Exhibits: At least forty-eight (48) hours prior to a deposition, deposing counsel will provide deponent's counsel with copies of all documents he/she expects to mark as exhibits or otherwise question the deponent about, except that deposing counsel is not required to disclose in advance of the deposition documents that he/she intends to use solely to impeach the deponent or to test the deponent's recollection. In such case the deponent need not be shown the document so used.").